UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI SMITH,

    Plaintiff,

Vs.                                                       Case No. 8:20-cv-41-MSS-JSS

CITY OF LAKELAND, FLORIDA and
LAKELAND POLICE DEPARTMENT,

    Defendants.
_____/

## MOTION TO DISMISS COMPLAINT

Defendants, City of Lakeland ("COL") and Lakeland Police Department ("LPD") pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure hereby move to dismiss the complaint for failure to state a claim upon which relief can be granted. The complaint should be dismissed because LPD is a division of the COL and not a legal entity able to be sued. Further the complaint should be dismissed because it fails to state a plausible claim upon which relief can be granted, including that the Complaint is an impermissible "shotgun pleading" and fails to provide sufficient facts supporting an adverse employment action, including a constructive discharge.

### I. Introduction

Smith brought a three (3) count complaint against both the COL and the LPD. Count I is a claim for hostile work environment, discrimination because of her sex/gender, constructive discharge and retaliation for alleged protective activity in violation of Title VII of the Civil Rights Act of 1964. Count II alleges Age Discrimination in Employment Act also alleging hostile work environment, discrimination, constructive discharge and

retaliation. Count III alleges claims under the Florida Civil Rights Act for gender and age hostile work environment, discrimination, constructive discharge and retaliation. Smith's claims against the LPD should be dismissed as LPD is a division of the COL and not a legal entity able to be sued. All three counts of the complaint should be dismissed as each count meshes hostile work environment, with discrimination and retaliation making it virtually impossible for Defendants to respond. Finally, each count of the complaint should be dismissed as Plaintiff failed to allege facts that she suffered an adverse employment action that was so severe or pervasive that it altered the terms and conditions of employment and was constructively discharged from her employment to satisfy the elements under Title VII, the Age Discrimination in Employment Act and the Florida Civil Rights Act.

II.     **The LPD is a Division of the COL and not a legal entity able to be sued.**

Smith has sued both the COL and the LPD under Title VII, the Age Discrimination in Employment Act and the Florida Civil Right Act. Smith alleges that the COL and the LPD were her employers under the statutes. Doc. 1 @ 4 and 5. Under Florida law municipalities have the power to sue or be sued. *Florida City Police Dept. vs. Corcoran*, 661 So. 2d 409 (Fla. 3rd DCA 1995). However, "[w]here a police department is an integral part of the city government as a vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *Id. Citing Eddy v. City of Miami*, 715 F.Supp. 1131, 1132 (S.D.Fla. 1990). As a department for the COL, LPD is not an entity subject to suit and should be dismissed with prejudice from this action.[1]

---

[1] Plaintiff has agreed to dismiss Defendant LPD pursuant to the representation that Defendant COL is the proper defendant.

**III.   All three counts of the complaint should be dismissed as a ShotGun Pleading in that each count includes separate and distinct claims for hostile work environment, discrimination and retaliation.**

Plaintiff's three count complaint alleges variations of gender discrimination, hostile work environment and retaliation (Count I), age discrimination, hostile work environment and retaliation (Count II) and gender/age discrimination, hostile work environment and retaliation under Florida law (Count III); subsumed within all three counts is the allegation that Plaintiff was constructively discharged from her employment.  All three counts of the complaint should be dismissed as a shotgun pleading in that each of the count interweaves and meshes conclusory claims for discrimination, hostile work environment and retaliation, with Count III alleging all three separate and distinct theories of liability for both gender and age discrimination in the same count under Florida law.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2).  Rule 10(b) provides that if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count.  Fed.R.Civ.P. 10(b).   The Eleventh Circuit has held that a complaint that (1) contains multiple counts where "each count adopts the allegations of all preceding counts," causing each successive count to carry all that came before and the last count to be a combination of the entire complaint or (2) does not separate into different counts, each cause of action or claim for relief is an improper shotgun pleading requiring dismissal. *Weiland vs. Palm Beach ty. Sherri's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015); *Anderson vs. District Bd of Trustees of Central Fla. Community*

*College,* 77 F.3d 364 (11th Cir. 1996). The rationale for requiring separate claims for relief to be alleged in separate counts is so a Defendant will have adequate notice of the claims against it and the grounds upon which each claim rest and be able to adequately respond to the same. *Weiland 792 F.3d at 1323.*

Claims for gender discrimination, gender hostile work environment and retaliation for reporting gender discrimination and/or hostile work environment each require allegations and proof of separate and distinct elements. *Clemons vs. Delta Air Lines, Inc.*, 625 Fed.App. 941 (11th Cir. 2015 (Title VII prohibits an employer from discharging any individual or otherwise discriminating with respect to the employees compensation, terms, conditions, or privileges of employment because of the individuals sex; a prima facie case of disparate treatment requires a plaintiff to show proof she belongs to a protected class, she was subjected to adverse job action, the employer treated similarly situated employees outside of her classification more favorably and she was qualified for the job); *Trask vs. Sec'y Dep't of Veterans Affairs*, 822 F.3d 1179, 1195 (11th Cir. 2016)(a claim for hostile work environment requires proof the employee belonged to a protected group, she was subjected to unwelcome harassment, the harassment was based on a protected characteristic and the harassment was so severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment; and a claim for retaliation requires proof the employee complained of unlawful employment discrimination, suffered adverse employment action and a causal relation exists between the protected activity and the adverse employment action). Likewise, claims for age discrimination, age hostile work environment and retaliation for reporting the same also require allegations and proof of distinct elements. *Chapman vs.*

*Al Transport*, 229 F.3d 1012 (11th Cir. 2000)(Prima facie framework for age discrimination claim requires showing the employee was a member of a protected age group, was subjected to adverse employment action, was qualified to perform the job and was replaced or treated differently than a younger employee); *Trask vs. Sec'y Dep't of Veterans Affairs*, 822 F.3d 1179, 1195 (11th Cir. 2016 setting forth elements for age hostile work environment and retaliation).

Plaintiff's complaint violates the shotgun pleading admonishment in that Count II of the complaint for age discrimination adopts the allegations contained in Count I of the complaint for gender discrimination as part of the count. Specifically, the general allegations of the Complaint are numbered paragraphs 1 – 26 with Count I (gender discrimination) of the complaint numbered paragraphs 27 – 31. Count II of the complaint (age discrimination) is numbered paragraphs 32 – 33 but incorporates by reference the allegations contained in Count I. See Document 1.

The shotgun pleading admonishment is also violated in that Plaintiff conflates into one count the claims for discrimination, hostile work environment and retaliation for both its federal gender and age counts (Count I and II) into one claim and in its Florida law count (Count III) it not only conflates the different theories of liability but also includes both its gender and age claims into one count. The conflation of the separate causes of action in both the gender and age based counts fails to give Defendant notice of the factual basis supporting each separate theory of recovery preventing Defendants from analyzing the allegations to determine if the same have been properly pled, including the proper factual support for the same, and ascertaining what if any affirmative defenses to raise. *See Rosado vs. Modly*. 2019 WL 6877184 (M.D.Fla.

2019)(dismissing claim where Count I of the complaint under Title VII combined three discrete cause of action into one count—disparate treatment based on race, disparate treatment based on national origin and retaliation).

Plaintiff's claims should be dismissed and required to be pled as separate and distinct causes of action for each theory or recovery for which relief is claimed.

IV. **Plaintiff's Complaint Requires Dismissal As There Are Insufficient Facts To Support A Claim for Adverse Employment Action Or Constructive Discharge**

All three counts of Plaintiff's complaint fail to allege that she suffered any type of adverse employment action, including, but not limited to, a decrease in pay, demotion and/or termination. Rather, to support each Count, Plaintiff alleges that she was constructively discharged from her employment entitling her to relief. Each count of the complaint should be dismissed as Plaintiff has not alleged ultimate facts supportive that she was constructively discharged from her employment so as to satisfy the elements under Title VII, the Age Discrimination in Employment Act and the Florida Civil Rights Act.

Plaintiff alleges in the Complaint that she began her employment with LPD in 1995 and that she was promoted to the rank of Sergeant in 2002. Document 1, paragraph 6. She alleges in 2004 she was tasked with creating and operating a new Crime Analysis Unit and that she was placed in charge of the unit, supervising up to four employees. Id., Paragraph 7. She alleges that she served in said position through her resignation on October 25, 2018. Id., Paragraph 25. Plaintiff claims that in January, 2017, Sean Patterson was assigned to her unit at an entry level Trainee position and she was Patterson's direct supervisor. Id., Paragraph 8. The allegations state that

shortly after Patterson's arrival she began having problems with Patterson and requested assistance from her supervisor to help get Patterson in line. Per the allegations, the meeting resulted in Patterson being allowed to talk back to Plaintiff and Plaintiff's supervisors failing to back Plaintiff. Id., Paragraphs 10 -11. Plaintiff also alleges that subsequent to the meeting with the supervisor, Patterson and Plaintiff, she had completed a performance evaluation for Patterson and was confronted and admonished by her supervisors because they believed her performance evaluation for Patterson was too low. Plaintiff alleges that she was provided a Memo explaining her rating for Patterson's performance evaluation was too low. She complains that a copy of the Memo was given to Patterson causing Plaintiff to lose authority over Patterson. Plaintiff alleges that when her supervisor provided a copy of the Memo to Patterson, it resulted in Patterson filing an internal complaint of age discrimination and thereafter, his own Charge of Discrimination with the EEOC. Per the allegations in the Complaint, Patterson's internal complaint of age discrimination was investigated and later deemed unfounded by LPD. Id., Paragraphs 13 – 15.

      Plaintiff alleges that her own subsequent yearly performance evaluation was lower than it had ever been; of import is that Plaintiff does not allege that she suffered a change in assignment, a demotion or a decrease in compensation from the lower performance evaluation. Id., Paragraph 16. The lower performance evaluation caused Plaintiff to file her own internal complaint with LPD for hostile work environment based on her age and gender; included in the internal complaint was a request that Plaintiff not be required to report to her supervisors. Id., Paragraph 17. Similar to the Patterson complaint, the investigation into Plaintiff's complaint was determined to be unfounded.

Subsequent to the above, Plaintiff alleges that her supervisors began to keep a written record of her comings and goings, including if she was attending required meetings and events, with notations of her procedure violations and that said report was emailed to 35 LPD employees. Id., Paragraph 17 – 19. Plaintiff does not allege that any of the above recordkeeping, notations of her procedure violations or emailing of the same to 35 LPD employees resulted in any adverse employment action, including, but not limited to, actual discipline, write up, counseling, demotion or decrease in pay.

Plaintiff finally alleges that the above actions caused her to formally request that the head of LPD, Chief Giddens, reassign her to another position, only to be told that, like any other employee, she could take a demotion to another position or apply for any open position. Id., Paragraph 23. Upon said denial, Plaintiff alleges she resigned her employment. Id, Paragraph 25.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the court must accept a plaintiff's allegations as true when considering a motion to dismiss, a plaintiff's

unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6) dismissal. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Whether sounding in disparate treatment or retaliation, a claim under either Title VII or the ADEA requires and adverse employment action either in the form of tangible loss or alteration of the conditions of employment. An adverse employment action is an ultimate employment decision, such as a discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely effects his or her status as an employee. *Minifield vs. City of Birmingham Depart. Of Police*, 791 Fed...App. 86, 90 (11th Cir. 2019). For disparate treatment, an adverse employment action must impact the terms, conditions or privileges of the Plaintiff's job in a real and demonstrable way. *Id.* Proof of direct economic consequences are not required, but the Plaintiff must show "a serious and material change in the terms, conditions or privileges of employment." *Id.* To be sure, anti-discrimination statutes "are neither a general civility code nor a statute making actionable ordinary tribulations of the work place. *Reeves vs. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798 (11th Cir. 2010).

Plaintiff's complaint is devoid of any adverse employment action in that the conditions of her employment were not changed, she never received a decrease in compensation or change to her duties and responsibilities and was not terminated from her employment; Plaintiff's only complaint is she received a lower performance evaluation which did not affect her pay or duties and responsibilities and that when she

demanded a transfer from her position she was told that she could demote herself to patrol or apply for an open position just like other employees. Plaintiff, Paragraph 23. A negative performance evaluation standing alone not used as a basis for any action against the employee does not constitute adverse employment action. *Gonzalez vs. Florida Dept. of Highway Safety and Motor Veh.*, 237 F.Supp. 2d 1338, 1348 (S.D.Fla. 2002). Plaintiff's failure to allege any adverse employment action requires dismissal of her claims. *Ramirez vs. City of Robinson*, 2006 WL 470601 (S.D. Tex 2006)(hostility from fellow employees, verbal threats of being fired, reprimands, a missed pay increase, undesirable work assignments and being placed on final warning do not constitute adverse employment action because of their lack of consequence).

For similar reasons, Plaintiff's claim for a hostile work environment also fails. To establish a claim under either Title VII or the ADEA; a hostile work environment claim requires the offending behavior to be sufficiently severe or pervasive to alter the conditions of the employee's employment and create an abusive work environment. Plaintiff's allegations fail to meet this standard; Plaintiff does not allege any hostile language was used toward her or that she was subjected to working conditions different than what she was accustomed to prior to Patterson being assigned to her department. The only allegations are (1) her perception that her supervisors did not back her (2) an email sent to 35 employees that listed her coming and goings and suspected procedure violations, (3) a lower performance evaluation that did not affect her compensation, (4) the dismissal of her internal complaint for gender and age discrimination and (5) the LPD Chief advising her that if she wanted to transfer she could take a demotion to patrol or apply for an open position like all other LPD employees. As a matter of law, the

above complaints fail to rise to the level of conduct so severe and pervasive so as to alter the conditions of her employment so as to create an abusive work environment.

Plaintiff attempt to couch her resignation as a constructive discharge also fails in the context of her allegation of a hostile work environment under either Title VII or the ADEA. *Medearis vs. CVS Pharmacy, Inc.* 2016 WL 1273475 (11th Cir. 2016) (the standard for constructive discharge is the same in both the Title VII and the ADEA context). A constructive discharge is functionally the same as an actual termination in damages-enhancing respects. A hostile-environment constructive discharge claim entails more than offending behavior that alters the conditions of employment and creates an abusive work environment: "a plaintiff who advances such a compound claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign." *Pennsylvania State Police vs. Suders* 542 U.S. 129, 147 (2004). The inquiry is objective: did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign. *Id.* The working conditions required for a constructive discharge do not exists; Plaintiff fails to allege any facts supporting that she was placed in a position to have to resign because of resistance to her continued employment, rather to the contrary, Plaintiff was allowed to remain in her supervisory position and given the option afforded to all employees wishing a transfer of either taking a demotion to patrol, or applying for any open position. *See Robinson vs. Sappington,* 351 F.3d 317, 337 (3rd Cir. 2003)(Plaintiff's decision to resign resulted from official action of transferring her to a judge who resisted her being placed on his staff and thus constituted a constructive discharge. In the instant matter, Plaintiff fails to allege that she attempted to avail herself of the

opportunity to apply for an open position but was denied the same. Taking the allegations in the complaint as true, Plaintiff's decision to resign her employment does not constitute a constructive discharge of her employment.

**V.     Conclusion:**

For the reasons stated herein, Plaintiff's complaint should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on this 27th day of March, 2020 with the Clerk of Court using CM/ECF which will send an electronic copy to Peter F. Helwig, Esq. at pfhelwig@tampabay.rr.com.

CAMPBELL TROHN
TAMAYO & ARANDA, P.A.

*/s/ Robert Aranda*
ROBERT J. ARANDA
Florida Bar No. 998324
r.aranda@cttalaw.com
p.roop@cttalaw.com
Post Office Box 2369
Lakeland, Florida 33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Plaintiff