UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI SMITH,

    Plaintiff,

v.                                        Case No.: 8:20-cv-41-MSS-JSS

CITY OF LAKELAND, FLORIDA,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

Defendant, CITY OF LAKELAND, FLORIDA (the "City"), by and through the undersigned counsel and pursuant to Local Rule 3.01(c) and (d), hereby moves this Court for leave to file a reply brief to Plaintiff's, TERRI SMITH ("Smith"), Response to Defendant's Motion to Dismiss Amended Complaint (Doc.23; the "Response"), on the grounds that the Response makes both new averments unsupported by the Amended Complaint (Doc.18) and incorrect arguments of law on issues critical to deciding Defendant's Motion to Dismiss (Doc.20). In support of the instant Motion, Defendant provides the following Memorandum of Law.

**MEMORANDUM OF LAW**

1.    No party may file a reply to a response unless the Court grants leave. Local Rule 3.01(c). "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States*, 2013 U.S. Dist. LEXIS 105666, at *1 n.3 (M.D. Fla. 2013).

2. In its Response, Plaintiff alleges for the first time that "the only option offered was a demotion to patrol" and cites page 3 of Exhibit 2 for support. (Doc.23 at 6). Plaintiff has *not* pleaded in the Amended Complaint that patrol was the *only* option offered. In fact, Plaintiff pleaded that Chief Giddens "told her she could accept a demotion to patrol duty *or apply for any open position just like any other employee*." (Doc.18 at ¶ 24) (*emphasis* added). Not only that, but Exhibit 2 does not support the proposition for which it is cited. Exhibit 2 contains no statement of Chief Giddens purporting to offer anything to Plaintiff, let alone a demotion to patrol duty. (*See* Doc.23-2 at 3). Both Plaintiff's misrepresentation of its own pleadings and the contents of its own Exhibit demonstrate good cause for Defendant to file a reply addressing the effect of the same on the Motion to Dismiss.

3. Plaintiff argues for the first time in its Response that "Lt. Sealey's and Capt. Lehman's directives about millennials were in effect mandates to discriminate in favor of younger employees like Patterson and against older employees like Wallace." (Doc.23 at 13-14). Plaintiff attempts to justify this by characterizing certain terms as "overt and coded ageist language and behavior." (Doc.23 at 13). Defendant require leave to address how discrimination or intent thereof cannot be reasonably inferred from that allegedly discriminatory language.

4. Plaintiff describes Defendant's argument as to her retaliation claims as a "discredited proposition," instead citing *Burlington Northern* as the appropriate standard (Doc.23 at 15-16). Eleventh Circuit case law since *Burlington Northern* (and even citing the same) has repeatedly analyzed retaliation claims under the

"adverse employment action" standard. Regardless, even if Defendant accepted the *Burlington Northern* framework as set forth in the Response (Doc.23 at 16), Plaintiff has nonetheless failed to sufficiently plead the second element: that a reasonable employee would have found the employer's response materially adverse. Defendant requests leave to address both the propriety of the *Burlington Northern* standard and, assuming that *Burlington Northern* controls, Plaintiff's failure to sufficiently plead the second element of the *Burlington Northern* standard.

5. Should the Court grant Defendant leave to file a reply to the Response, that reply will not exceed six (6) pages.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant leave to file a reply to Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint (Doc.23).

## **LOCAL RULE 3.01(g) CERTIFICATION**

Defendant's counsel has conferred with Plaintiff's counsel; Plaintiff's counsel objects to Defendant's request to file a reply brief to Plaintiff's response to Defendant's motion to dismiss the amended complaint.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on this 14th day of August, 2020 with the Clerk of Court using CM/ECF which will send an electronic copy to Peter F. Helwig, Esq. at pfhelwig@tampabay.rr.com.

                                                                      CAMPBELL TROHN
                                                                      TAMAYO & ARANDA, P.A.

                                                                      */s/ Robert Aranda*
                                                                      ROBERT J. ARANDA
                                                                      Florida Bar No. 998324
                                                                      r.aranda@cttalaw.com
                                                                      p.roop@cttalaw.com
                                                                      EDWARD B. KERR
                                                                      Florida Bar No. 1018861
                                                                      e.kerr@cttalaw.com
                                                                      Post Office Box 2369
                                                                      Lakeland, Florida 33806-2369
                                                                      (863) 686-0043
                                                                      (863) 616-1445 Fax
                                                                      Attorneys for Defendant