UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRI SMITH,**

    Plaintiff,

v.                                                       Case No: 8:20-cv-41-MSS-JSS

**CITY OF LAKELAND, FLORIDA,**

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Amended Complaint, (Dkt. 20), and Plaintiff's response in opposition thereto. (Dkt. 23)

Terri Smith, a sixty-four-year-old woman residing in Lakeland, Florida, alleges that her former employer, the Lakeland Police Department ("LPD"), discriminated against her based on her age and sex and retaliated against her for opposing the alleged discrimination. (Dkt. 18 at ¶¶ 1, 5) Smith began working as an LPD police officer in 1995, made sergeant in 2002, and became head of the Crimes Analysis Unit in 2004. (Id. at ¶¶ 5-6)

Shortly before resigning from LPD, Smith filed a charge of discrimination with the EEOC, alleging that she had suffered sex- and age-based harassment and retaliation beginning in January 2017. (Id. at ¶¶ 5, 27, 30) The EEOC ultimately found reasonable cause to believe that Smith had experienced unlawful discrimination and retaliation. (Id. at ¶ 30) When attempts at conciliation failed, the EEOC issued Smith a right-to-sue letter.

(Id. at ¶ 31) Smith subsequently filed this lawsuit in January 2020 and amended her Complaint on June 29, 2020. (Dkts. 1, 18)

Smith asserts the following claims against the City of Lakeland based on the mistreatment she allegedly experienced at LPD: (i) sex-based and age-based hostile work environment in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Florida Civil Rights Act ("FCRA"), (ii) retaliatory hostile work environment in violation of Title VII, the ADEA, and the FCRA, and (iii) and constructive discharge in violation of Title VII, the ADEA, and the FCRA. (Dkt. 18 at ¶¶ 29-49).

The City now moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 20) It contends that (i) the age-based and sex-based harassment claims fail for lack of sufficient factual allegations; (ii) the retaliation claims must be dismissed because Smith fails to adequately allege she suffered an adverse employment action; and (iii) the constructive discharge claims are due to be dismissed because Smith "fails to allege sufficient facts to show that her work environment was so unbearable that a reasonable person in her position would be compelled to resign." (Id. at 5-16)

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355

U.S. 41, 45-46 (1957)). Because the facts alleged in the Amended Complaint meet this pleading standard, the City's Motion is due to be denied.

With respect to her age-based and sex-based claims, Smith pleads, among other things, that she was subject to criticism from her superior officers and that she experienced a series of humiliating incidents over a thirteen-month period. (Dkt. 18 at ¶¶ 8-10, 13-14, 22) She claims these incidents were directed to her based on her age and sex. (Id. at ¶¶ 32, 37) These allegations are sufficient to put the City on notice of the basis for the harassment claims against it. See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (holding that harassment claim requires proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment"). The arguments the City advances in its Motion raise factual questions better addressed at summary judgment. The Court notes, however, that "proving a hostile work environment is a heavy burden—one that cannot be met merely by showing unprofessional encounters and harshly worded emails." Elite Amenities, Inc. v. Julington Creek Plantation Cmty. Dev. Dist., 784 F. App'x 750, 752 (11th Cir. 2019).[1]

Second, Smith has adequately alleged retaliatory harassment. Contrary to the City's assertion, a plaintiff is not required to point to mistreatment that rises to level of a tangible employment action in order to state a claim for retaliation. (Dkt. 20 at 13) The law is clear that "mistreatment based on retaliation for protected conduct—for example, making or supporting a charge of discrimination—is actionable whether or not the

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

mistreatment rises to the level of a tangible employment action, but only if the mistreatment well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Monaghan v. Worldpay US, Inc., 955 F.3d 855, 861 (11th Cir. 2020). The factual allegations in the Amended Complaint meet this standard. Smith pleads that, after she complained to HR about age- and sex-based discrimination, (i) LPD officers treated the complaint "as a joke," with one of the accused taping it to the front of his desk for all to see, and (ii) Lieutenant Steven Sealey, another one of the accused, humiliated Smith by sending thirty-five LPD employees an email that catalogued her "coming and goings" and falsely claimed she had violated LPD policy. (Dkt. 18 at ¶¶ 18-22) A reasonable employee might be dissuaded from "making or supporting a charge of discrimination" if she knew that, as a result of lodging a complaint, her supervisors would subject her to a campaign of humiliation and thereby undermine her authority as a department head. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006).

Third, Smith has stated a plausible claim for constructive discharge. To plead a claim for constructive discharge, a plaintiff must allege that "the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign." Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009). Smith alleges that, by the time she resigned from her position as head of the Crimes Analysis Unit, she had been the subject of multiple humiliating incidents that undermined her authority at LPD. (Dkt. 18 at ¶¶ 9, 14, 22) LPD had also repeatedly declined her request to be assigned to a supervisor other than Sealey, who had sent the email revealing her "comings and goings" and falsely accusing her of shirking work. (Id. at ¶¶ 22, 24, 26-27) LPD Chief Larry Giddens told Smith that, although he would not

reassign her to a different supervisor, "she could accept a demotion to patrol duty or apply for any open position just like any other employee." (Id. at ¶ 24) Smith would likely have been unable to perform patrol duty because of a leg injury she had sustained. (Id. at ¶ 25) Thus, Smith faced a Hobson's choice: continue to work under a supervisor who had humiliated her and undermined her authority as head of the Crimes Analysis Unit, or "apply for any open position just like any other employee." (Id. at ¶ 24) At this stage of the litigation, this series of events supports an inference that "the work environment and conditions of [Smith's] employment were so unbearable that a reasonable person in [her] position would be compelled to resign." Bryant, 575 F.3d at 1298.

The City's arguments in support of dismissing the constructive-discharge claim are premature. These arguments raise factual questions better addressed at summary judgment following the development of a full record. The Court cautions Smith, however, that "[i]n the Eleventh Circuit it is extremely difficult to establish a constructive discharge." Soloski v. Adams, 600 F. Supp. 2d 1276, 1307 (N.D. Ga. 2009). Indeed, "[e]stablishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim." Bryant, 575 F.3d at 1298.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss Amended Complaint, (Dkt. 20), is **DENIED**.

2. Defendant shall have **fourteen (14) days** from the date of this Order to file an Answer to the Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of December, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

5

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person