UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI SMITH,

    Plaintiff,

v.                                        Case No.: 8:20-cv-41-MSS-JSS

CITY OF LAKELAND, FLORIDA,

    Defendant.
_____/

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

    Defendant, CITY OF LAKELAND, FLORIDA (the "City"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure and this Court's Order (Doc 27) hereby files this Answer and Affirmative Defenses and in support thereof states:

    1.    Admitted for jurisdictional purposes only.

    2.    Admitted for jurisdictional purposes only.

    3.    Without knowledge; therefore denied.

    4.    Admitted for jurisdictional purposes only.

    5.    Admitted that Plaintiff was employed with Defendant as a sworn police officer commencing on or about April 17, 1995 and that she was promoted to the rank of Sergeant on or about December 29, 2002. Denied in all other respects.

    6.    Admitted.

    7.    Denied as written.

    8.    Denied.

    9.    Denied.

00853393-1

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied as written.

15. Denied.

16. Denied as written.

17. Denied as written.

18. Denied as written.

19. Denied.

20. Denied as written.

21. Denied.

22. Admitted that the email on July 28, 2018 was sent by mistake. In all other respects denied.

23. Admitted that Plaintiff was advised that the email was sent by mistake with attempts to delete it. In all other respects denied.

24. Admitted that Plaintiff was advised that she could accept a position to patrol duty or apply for any open position similar to all other employees. In all other respects denied.

25. Without knowledge and therefore denied.

26. Denied as written.

27. Admitted that Plaintiff voluntarily terminated her employment on October 15, 2018. In all other respects denied.

28. Denied.

29. Defendant incorporates its responses herein to paragraphs 3-10 and 12-28.

30. Admitted that Plaintiff filed a Charge of Discrimination on or about September 17, 2018. Admitted that the EEOC issued a letter of determination. Denied that the EEOC performed an adequate investigation to issue any determination.

31. Admitted that the EEOC issued a Right to Sue Letter on or about October 9, 2019. In all other respects denied.

32. Denied.

## COUNT II

33. Defendant incorporates its responses herein to Paragraphs 3-10 and 12-28.

34. Admitted that our about September 17, 2018 Plaintiff filed a Charge of Discrimination with the EEOC against Defendant. In all other respects without knowledge and therefore denied.

35. Denied.

## COUNT III

36. Defendant incorporates its responses herein to Paragraphs 3-28 and 30-31.

37. Denied.

## COUNT IV

38. Defendant incorporates it responses herein to Paragraphs 3 -28 and 34.

39. Denied.

## COUNT V

40. Defendant incorporates its responses herein to Paragraphs 3 – 10 and 12-28 and 30-31.

00853393-1

41. Denied.

## COUNT VI

42. Defendant incorporates its responses herein to Paragraphs 3-31.

43. Denied.

## COUNT VII

44. Defendant incorporates its responses herein to Paragraphs 3-28 and 34.

45. Denied.

## COUNT VIII

46. Defendant incorporates its responses herein to Paragraphs 3-10 and 12-28 and 30-31.

47. Denied.

## COUNT IX

48. Defendant incorporates its responses herein to Paragraphs 3-28 and 34.

49. Denied.

## COUNT X

50. Defendant incorporates its responses herein to Paragraphs 3-28 and 30-31.

51. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for relief as to her allegations of hostile work environment based on sex or age, for discriminatory retaliation, and for constructive discharge. The conduct complained of was not severe or pervasive enough to alter the terms and conditions of Plaintiff's employment, to create a hostile or abusive working environment, or to dissuade a reasonable worker from making or supporting a charge of

00853393-1

discrimination. Similarly, Plaintiff's working environment and conditions of employment were not so unbearable that a reasonable person in her position would be compelled to resign.

### Second Affirmative Defense

Plaintiff has no claim for relief for hostile work environment based on sex or age, as the conduct complained of was not so frequent, so severe, or so physically threatening or humiliating to constitute actionable harassment under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1964, or the Florida Civil Rights Act of 1992, nor did the conduct complained of unreasonably interfere with the Plaintiff's job performance to such a degree as would constitute actionable harassment under the aforementioned statutes.

### Third Affirmative Defense

Plaintiff has no claim for relief for hostile work environment based on sex, as the conduct complained of is entirely gender-neutral and does not implicate Plaintiff's sex. Because Plaintiff cannot show that the conduct complained of was based on Plaintiff's membership of a protected group, neither Title VII of the Civil Rights Act of 1964 nor the Florida Civil Rights Act of 1992 recognize the conduct complained of as actionable harassment or otherwise permit Plaintiff's causes of action for hostile work environment thereunder.

### Fourth Affirmative Defense

Plaintiff has no claim for relief for hostile work environment based on age, as the conduct complained of is entirely age-neutral and does not implicate Plaintiff's age. Because Plaintiff cannot show that the conduct complained of was based on Plaintiff's membership of a protected group, neither the Age Discrimination in Employment Act of 1967 nor the Florida Civil Rights Act of 1992 recognize the conduct complained of as

00853393-1

actionable harassment or otherwise permit Plaintiff's causes of action for hostile work environment thereunder.

### Fifth Affirmative Defense

Plaintiff has no claim for relief for discriminatory retaliation, as Plaintiff cannot establish a causal nexus between any alleged adverse action she claims to have experienced and any alleged protected activity she claims to have engaged in. Additionally, none of the conduct complained of that occurred before Plaintiff's alleged complaint of hostile work environment to the City can form the basis for a discriminatory retaliation claim.

### Sixth Affirmative Defense

Plaintiff has no claim for relief for constructive discharge because she failed to avail herself of the City's offer to transfer her to patrol or for her to apply to any open position as any other employee could. Plaintiff's decision to terminate her employment rather than pursue these non-discriminatory options shows that her termination was voluntary, and therefore does not rise to the level of a constructive discharge.

### Seventh Affirmative Defense

Plaintiff has not fully mitigated any damages she has incurred or is incurring, as Plaintiff decided to terminate her employment rather than avail herself of the City's offer to transfer her to patrol or for her to apply to any open position as any other employee could. Additionally, after Plaintiff terminated her employment with the City, Plaintiff did not find a new job or otherwise obtain employment from another employer.

**Eighth Affirmative Defense**

The City exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm.

**Ninth Affirmative Defense**

The City has policies prohibiting unlawful employee harassment and encouraging employees who believe they are being subjected to harassment to report such conduct to the appropriate supervisors or management representatives. All employees, including Plaintiff, know of this policy. The City promptly, fully, and fairly reviewed Plaintiff's complaint to the City and found that it had no merit.

**Tenth Affirmative Defense**

All actions taken by the City and its employees were in good faith compliance with all applicable laws, rules, and regulations, and were without any intent to deprive Plaintiff of any known legal rights.

**Eleventh Affirmative Defense**

Any recovery under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1964, or the Florida Civil Rights Act of 1992 would be subject to the applicable statutory caps on damages as set forth in the respective statutes.

**Preservation of Rights**

The City reserves the right to amend and/or supplement its Answer and Affirmative Defenses to Plaintiff's Amended Complaint as and when further discovery may so necessitate.

00853393-1

The City also reserves the right to bring a motion under Federal Rule of Civil Procedure 11 based on the knowledge of Plaintiff and/or of Plaintiff's attorneys that allegations set forth in the Amended Complaint and/or subsequent amendments thereto are, *inter alia*, false and/or frivolous.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on this 23rd day of December, 2020 with the Clerk of Court using CM/ECF which will send an electronic copy to Peter F. Helwig, Esq. at pfhelwig@tampabay.rr.com.

CAMPBELL TROHN
TAMAYO & ARANDA, P.A.

*/s/ Robert Aranda*
ROBERT J. ARANDA
Florida Bar No. 998324
r.aranda@cttalaw.com
p.roop@cttalaw.com
EDWARD B. KERR
Florida Bar No. 1018861
e.kerr@cttalaw.com
Post Office Box 2369
Lakeland, Florida  33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Defendant
