

# LAKELAND POLICE DEPARTMENT
## Special Operations Division

Respect • Integrity• Teamwork• Excellence

TO:   FILE

FROM: CAPTAIN S L "SAM" TAYLOR

DATE: JULY 3, 2018

SUBJ: IAU FILE NUMBER 18-022

---

In January 2017, Sean Patterson came to work at the Lakeland Police department as a Crime Analyst. He reported to Sgt Terri Smith to begin his training. Sgt Smith assigned Brenda Wallace, a 14-year veteran of the Crime Analysis Unit, to be Sean's trainer.

CA Sean Patterson alleged that on April 23, 2018, Sgt Terri Smith and CA Brenda Wallace used "Bulling Tactics" when he was sent an email that chastised him for taking his lunch at the end of his shift and going home early. CA Patterson told Sgt Smith that he obtained prior approval from Sgt Doty before doing this. Patterson felt that Sgt Smith had been misinformed by CA Brenda Wallace who forwarded an email to her announcing that Patterson had left work early. Patterson indicated he felt that Sgt Smith "Jumped at the chance" to take corrective action without having all the facts. Additionally, CA Patterson alleges that CA Wallace is trying to get him punished or terminated because he is not "pulling his weight" and because of his age and gender. CA Wallace denies this allegation. References such as "Millennial" and "Young Hotshot" are evidence Patterson believes, that constitute age bias. Sgt Smith and CA Wallace deny ever calling Patterson a hotshot. CA Patterson alleges that he approached Sgt Smith with his concerns and nothing was done. On April 26, 2018 Chief Giddens authorized and ordered OPS to conduct an administrative investigation into CA Patterson's allegations.

CA Patterson claims that Sgt Smith assigned him to the drug tipline and hotline complaints for an additional 6 months as punishment since the three Crime Analysts usually rotate on 6 month intervals. Patterson's 6 months were up when Sgt Smith told him he would be keeping the duty for another 6 months. Patterson felt this was ordered by Sgt Smith as punishment. However, Sgt Smith's testimony and emails confirm that CA Patterson had recently changed and altered the program/process used to disseminate the hotline tips. Sgt Smith felt that since Patterson was the only analysts who was conversant with the new program he should keep it to "Troubleshoot and work the bugs out". He was the one analyst most familiar with its design. This make sense to me and does not strike me as punishment as Patterson alleged.

Patterson alleges that he obtained prior approval from Sgt Doty, who was supervising his unit in the absence of Sgt Smith, to work through his lunch hour and leave work early on March 23, 2018. Patterson testified that he was working on gathering

**EXHIBIT 16**

intelligence information on a homicide investigation when he asked Sgt Doty "If I could work through my lunch and leave an hour early so I can knock this intel out and have it to present to detectives before the end of the day. He (Sgt Doty), said absolutely, not a problem". Sgt Doty remembers it differently. Sgt Doty testified that CA Patterson approached him "sometime after 1 pm" on the 23rd of March and asked if he could go home early as he had come in early that day and worked through his lunch on the intel gathering. Sgt Doty remembered Patterson asking after he had already worked through his scheduled lunch hour (12 to 1), not prior, as Patterson stated. CA Patterson's and Sgt Doty's memory of the time the permission was requested on March 23, 2018 appears to be different. Patterson stated he asked Sgt Doty for permission to work through his lunch and go home early, prior to his scheduled lunch hour (12-1). Sgt Doty remembers Patterson asking for permission sometime after 1 pm. Patterson stated that he explicitly got permission from Sgt Doty prior to working through his lunch hour, "I got that permission before going to lunch, so explicitly got that permission to work through lunch". Sgt Doty was asked in his interview if CA Patterson's statement concerning working through his lunches was accurate and he replied "Well no…. not completely. He didn't tell me until after his designated lunch time that he worked through lunch". CA Patterson admitted in his statement that he had been counseled by Sgt Smith not to work through his lunch hour so he can go home early.

Lakeland Police General Order 4-4 defines General Harassment as: "Unreasonable Conduct by one member which interferes with another member's status or performance by creating an intimidating, hostile or offensive working environment. Harassment usually involves a course of conduct; however, a single act may constitute harassment if it is sufficiently serious. Harassment includes, but is not limited to, ridiculing, mocking or belittling another member. **_Harassment does not include an assessment of a member's skills, abilities, or performance by a training officer, supervisor or member of the chain of command"._** (Emphasis Added) I do not believe that any of the actions identified as occurring by CA Brenda Wallace and Sgt Terri Smith constitute harassment whatsoever. I believe they were exercising their training and supervisory right(s) to correct and ameliorate performance issues. It appears that they were making every effort to work through training issues and problem(s) and at no time do I see any overt or covert attempts by Sgt Smith or CA Wallace to harass and belittle CA Patterson. Assigning an additional 6-month duty to the drug hotline/tipline was not done as punishment as described above. Sgt Smith had a right and a legitimate reason to make this additional assignment. Millennial is a common term to define a generation and its use is not prejudicial. Sgt Smith and CA Wallace never used the term as a pejorative. Additionally, both Sgt Smith and CA Wallace deny ever using CA Patterson's gender against him in any way. Statements attributed to CA Wallace and Sgt Smith by CA Patterson (Detectives will just come to you because you are a man and men just want things done their way, you can never get anything done with them), were denied by both of them. The email sent by Sgt Smith concerning Patterson working through his lunch hour was probably the least restrictive method Sgt Smith could have chosen to address what appeared to be an ongoing issue with CA Patterson. It was meant as a

2 |

written reminder of the unit policy and CA Patterson should consider himself fortunate that Sgt Smith chose this approach. Lastly, I noted that CA Patterson has never received any discipline from Sgt Smith, or anyone during his tenure at LPD. His annual evaluation completed by Sgt Smith rated CA Patterson as a 3 or "Standard Performance" which was an improvement from his 6-month evaluation of 2.36, "Below Average".

I have carefully reviewed all the transcripts, exhibits, reports, and the various attached documents contained in this investigation. Therefore, I recommend any allegations relating to harassment in the workplace, hostile work environment, age and gender discrimination or bias relating to, or creating a toxic work environment be EXONERATED for CA Brenda Wallace and Sgt Terri Smith.

### *CRA Brenda Wallace*
Allegation:

- General Order 3-1.7 Code of Conduct/Harassment in the Workplace- **EXONERATED**

### *Sergeant Terri Smith*
Allegation:

- General Order 3-1.7 Code of Conduct/Harassment in the Workplace- **EXONERATED**

3 |

LAKELAND POLICE DEPARTMENT
FINDINGS AND RECOMMENDED ACTION FORM

Employee: Sgt. Terri Smith                                   OPS File#: EIR 18-022

### Supervisor's Recommendations

I have reviewed the complaint and/or investigative report and have determined the incident/complaint to be:

It is alleged by CA Sean Patterson on April 23rd, 2018 Sgt. Terri Smith employed "bullying tactics" when she sent an email which chastised him for taking his meal break at the end of his day and going home early. CA Patterson advised he already obtained authorization from Sgt. David Doty. He stated she was misinformed by CA Brenda Wallace and "jumped at the chance to take" corrective action. CA Patterson alleged he approached Sgt. Smith with concerns CA Wallace was trying to get him "punished or terminated for what she deems as me 'not pulling my weight'" based on his "age and gender."

Lakeland Police Department Policy References:

1   GENERAL ORDER 3-1.7 Harassment In the Workplace

- [ ] Sustained
- [x] Exonerated
- [ ] Policy Failure
- [ ] Not Sustained
- [ ] Unfounded
- [ ] Other

### RECOMMENDED ACTION

- [ ] Written Reprimand
- [ ] Suspension of _____ Hrs
- [ ] Demotion
- [ ] Termination
- [x] None
- [ ] Counseling
- [ ] Written Reminder (Repeated Offense)
- [ ] Retraining

- [ ] Education Based (EBD)

### RECOMMENDED DIVERSION (IF ANY)
- [ ] Other: _____

S. Taylor
Supervisor

7/3/18
Date

## ADMINISTRATIVE REVIEW

### Officer in Charge

| Lieutenant | Date Received | Date Forwarded | ☐ Concur | ☐ Do Not Concur |

### Division Commander

| S L Tay— 7 | 7/2/18 | 7/3/18 | ☒ Concur | ☐ Do Not Concur |
| Captain | Date Received | Date Forwarded | | |

See Attached

### Bureau Commander

| [signature] | 7/3/18 | 7/3/18 | ☒ Concur | ☐ Do Not Concur |
| Assistant Chief | Date Received | Date Forwarded | | |

\*\*\* \*\*\*

### Office of Professional Standards

Citizen Complaint: ☐ Yes ☒ No

[signature] #33

OPS Supervisor

Complaint Review Board: ☐ Yes ☒ No ☐ Waived

7/3/18

Date

## Chief of Police

_____  7/3/18   ☑ Concur   ☐ Do Not Concur
Chief of Police         Date

Allegation 1. General Order 3-1.7 Harassment in the Workplace

☐ Sustained            ☐ Not Sustained
☑ Exonerated           ☐ Unfounded
☐ Policy Failure       ☐ Other

Comments:

N/A

## EXPLANATION OF CONCLUSIONS

**SUSTAINED:** Allegation supported by sufficient evidence.

**NOT SUSTAINED:** Insufficient evidence to prove or disprove the allegation

**UNFOUNDED:** Allegation is false or not based on valid facts

**EXONERATED:** The incident that occurred/complained of was lawful and proper

**POLICY FAILURE:** The allegation is true, but the investigation reveals policy or procedural changes are necessary

**OTHER:** The evidence supports a sustained violation for some other matter discovered during the investigation or other exigent circumstances exist. *(Explain in attached memorandum)*

LAKELAND POLICE DEPARTMENT
FINDINGS AND RECOMMENDED ACTION FORM

Employee: CA Brenda Wallace                OPS File#: EIR 18-022

*Supervisor's Recommendations*

I have reviewed the complaint and/or investigative report and have determined the incident/complaint to be:

*It is alleged by CA Sean Patterson on April 23rd, 2018, CA Brenda Wallace employed "bullying tactics" and misinformed Sgt. Terri Smith when she reported to her that he took his meal break at the end of the day and went home early. This caused Sgt. Smith to send CA Patterson an email which chastised him. CA Patterson advised he obtained authorization to do so from Sgt. David Doty. CA Patterson alleged CA Wallace was continually trying to have him punished or terminated for what she deemed as him not "pulling his weight." CA Patterson felt this was based on his age and gender.*

Lakeland Police Department Policy References:

1. **GENERAL ORDER 3-1.7 Harassment In the Workplace**

- [ ] Sustained
- [x] Exonerated
- [ ] Policy Failure
- [ ] Not Sustained
- [ ] Unfounded
- [ ] Other

### RECOMMENDED ACTION

- [ ] Written Reprimand
- [ ] Suspension of ____ Hrs.
- [ ] Demotion
- [ ] Termination
- [x] None
- [ ] Education Based (EBD)

- [ ] Counseling
- [ ] Written Reminder (Repeated Offense)
- [ ] Retraining

**RECOMMENDED DIVERSION (IF ANY)**
- [ ] Other: ____

S. Taylor                                   7/3/18
Supervisor                                  Date

## ADMINISTRATIVE REVIEW

### Officer in Charge

| Lieutenant | Date Received | Date Forwarded | ☐ Concur | ☐ Do Not Concur |

### Division Commander

| S. Tay #7 | 7/2/18 | 7/3/18 | ☒ Concur | ☐ Do Not Concur |
| Captain | Date Received | Date Forwarded | | |

See Attached

### Bureau Commander

| [signature] | 7/3/18 | 7/3/18 | ☒ Concur | ☐ Do Not Concur |
| Assistant Chief | Date Received | Date Forwarded | | |

*** OFFICE OF PROFESSIONAL STANDARDS ***

### Office of Professional Standards

Citizen Complaint: ☐ Yes ☒ No

Complaint Review Board: ☐ Yes ☒ No ☐ Waived

[signature] #33
OPS Supervisor

7/3/18
Date

## Chief of Police

_[signature]_ Chief of Police    Date: 7/3/18

☑ Concur  ☐ Do Not Concur

Allegation 1 General Order 3-1.7 Harassment In the Workplace

☐ Sustained
☑ Exonerated
☐ Policy Failure

☐ Not Sustained
☐ Unfounded
☐ Other

Comments:

N/R

## EXPLANATION OF CONCLUSIONS

**SUSTAINED:** Allegation supported by sufficient evidence.

**NOT SUSTAINED:** Insufficient evidence to prove or disprove the allegation.

**UNFOUNDED:** Allegation is false or not based on valid facts.

**EXONERATED:** The incident that occurred/complained of was lawful and proper.

**POLICY FAILURE:** The allegation is true, but the investigation reveals policy or procedural changes are necessary.

**OTHER:** The evidence supports a sustained violation for some other matter discovered during the investigation or other exigent circumstances exist. *(Explain in attached memorandum)*